**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN R. SCHMITZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JP MORGAN CHASE BANK and<br>QUALITY LOAN SERVICE,<br><br>　　　　Defendants. | No.  1:15-cv-1122 --- EPG<br><br>**ORDER TO SHOW CAUSE** |

　　On July 20, 2015, Plaintiff, Steven Schmitz ("Plaintiff"), proceeding *pro se*, filed a Complaint in this action.  (Doc. 1).  On August 18, 2015, this Court issued a Mandatory Scheduling Conference Order.  (Doc. 5).  This Order advised Plaintiff that he was required to serve the Summons and Complaint on Defendants.[1]  (Doc. 5, pg. 2).  The Order also advised the parties that the Court would hold a mandatory scheduling conference on **November 17, 2015, at 9:00 a.m., in Courtroom 10**, and required the appearance of all parties, as well as the parties' preparation of a Joint Scheduling Report filed seven days prior to the conference. *Id*.

　　The Court held a Scheduling Conference on November 17, 2015, at 9:00 a.m., however,

---

[1] The Order also required that Plaintiff serve the Mandatory Scheduling Conference Order on the Defendants. (Doc. 5, pg. 2).

1

Plaintiff failed to appear for the hearing, and did not file the Scheduling Report as required. (Doc. 9).  The Court also notes that to date, Plaintiff has not served the Defendants with the Summons and Complaint, as required by the Mandatory Scheduling Conference Order, and by Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. 5, pg. 2).

Plaintiff was advised that failure to serve the Summons and Complaint, appear at the scheduling conference, or participate in the preparation of the Joint Scheduling Report would result in the impositions of sanctions or dismissal of this action. (Doc. 2, pg. 8).  Here, Plaintiff did not follow any of these directives.  Accordingly, the Court orders that Plaintiff show cause why this case should not be dismissed for his failure to comply with this Court's orders, and for his failure to prosecute this case.

Federal Rule of Civil Procedure 16(f) allows for dismissal of a case for failure to appear at a scheduling conference.  *See Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987). In addition, Rule 110 of this Court's Local Rules provides that the "failure of counsel or of a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court."  This Court has the inherent power to manage its docket. *Thompson v. Housing Auth*., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g*., *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone*, 833 F.2d at 130  (dismissal for failure to appear at a scheduling conference and for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)

(dismissal for lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazal*i, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130;  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

## ORDER

Accordingly, **no later than December 21, 2015**, Plaintiff, Steven Schmitz is **ORDERED** file *a written response* to this Order to Show Cause indicating whether he intends to pursue this action, as well as to explain the reasons for his failure to serve the Summons and Complaint on the Defendants, and for his failure to appear at the Scheduling Conference on November 17, 2015, at 9:00 a.m. as required.

**Plaintiff is cautioned that failure to respond to this Order as set forth above will result in the dismissal of this action.**

IT IS SO ORDERED.

Dated:   **November 19, 2015**              /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE